## WELSH *v.* THE NORTH CAMBRIA.

*(District Court, E. D. Pennsylvania. June 25, 1889.)*

ADMIRALTY—JURISDICTION—PERSONAL INJURIES.
In the absence of a statute providing a maritime lien for damages caused by the personal injuries and death of one engaged in loading a vessel, a libel in admiralty to recover damages for such injuries and loss cannot be sustained. *The Harrisburg,* 119 U. S. 199, 7 Sup. Ct. Rep. 140, followed.

In Admiralty. On motion to dismiss libel.

Action by Bridget Welsh, widow of Peter Welsh, on her own behalf and that of her minor children, Mary Welsh and Bartholomew Welsh, against the steam-ship North Cambria, for damages resulting from the injury and loss by death of Peter Welsh while unloading the cargo of the vessel.

*Alfred Driver* and *J. Warren Coulston,* for libelants.

*E. B. Convers,* for respondents.

BUTLER, J. The question of jurisdiction is raised on this motion by consent. That the libel cannot be sustained independently of statutory

provision, is settled by *The Harrisburg*, 119 U. S. 199, 7 Sup. Ct. Rep. 140. That the Pennsylvania statute, on which the case is put, does not create an admiralty lien, and thus authorize the seizure, seems entirely clear. There is nothing whatever in the statute indicative of a purpose to create such a lien, and if there was I would hold the statute to be inoperative in this respect. The states have no power, I believe, to interfere with the admiralty system of laws; they can add nothing to it, nor take anything from it. The subject lies within the exclusive domain of congress. It is true that the supreme court has held that, as respects pilotage and a few other subjects, the states may exercise powers vested in the federal government until the latter assumes the exercise of its authority. The disfavor, however, with which this (apparently illogical) doctrine—born, doubtless, of the excessive tenderness which formerly existed respecting "state rights"—is regarded to-day, justifies a very confident belief that it will not be extended beyond the subjects to which it has been applied. To this doctrine must be ascribed the decision in The *Lottawanna*, 21 Wall. 580; that liens created by state statute for the repairs of vessels, etc., in home ports, within the state, may be enforced by admiralty courts. As this court held, however, in *The E. A. Barnard*, 2 Fed. Rep. 712, such statutes do not create an admiralty lien, or engraft any new provision upon the system of admiralty laws. The court in such case has jurisdiction, as the debt arises from an admiralty contract; and *The Lottawanna* decides no more than that the state may make this debt a lien for the purpose of securing and regulating distribution between its own citizens, in the absence of provision respecting it by congress. Even this is acknowledged to be anomalous, and is put upon "long usage," rather than any well-defined principle. The views of this court on the subject generally are stated in *The E. A. Barnard*, above cited. I will not repeat them. They are as applicable here as they were there.

The decision of the district courts respecting the subject are not harmonious. In *The Sylvan Glen*, 9 Fed. Rep. 335, and *The Manhasset*, 18 Fed. Rep. 918, the state statutes were denied effect in the admiralty. This view is also supported by the judgment in *The Vera Cruz*, L. R. 10 App. Cas. 59. In other instances the question has been decided differently. It has been so fully discussed in the cases cited that I will not enlarge upon it. Libel dismissed.